IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES TUCKER and ALISON SALENGER,　　Plaintiffs/Counter-Defendants,　VS.　BAC HOME LOANS SERVICING, L.P., ET AL.　　Defendants/Counter-Plaintiffs. | CIVIL ACTION NO. 4:10-cv-01795 |

MEMORANDUM AND ORDER

This litigation was brought after foreclosure on James Tucker and Alison Salenger's (collectively, "Plaintiffs") home. Plaintiffs assert claims for wrongful foreclosure, promissory estoppel, quiet title, breach of contract, violation of the Texas Debt Collection Act ("TDCA"), violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), negligence, fraud, intentional infliction of emotional distress, breach of duty of good faith and fair dealing, unjust enrichment and declaratory relief seeking actual damages, mental anguish damages, exemplary damages, declaratory relief, and fees and costs. The Defendants have moved for summary judgment (the "Motion") on all of Plaintiffs' claims. The Motion must be granted.

I.　BACKGROUND

The following facts are not disputed. In May 2008, Plaintiffs refinanced their home mortgage loan with Countrywide Bank FSB, a predecessor of Bank of America, N.A. At all relevant times, BAC Home Loans Servicing, LP ("BAC") and its predecessor in interest, Countrywide Home Loans Servicing, LP, provided servicing on the loan. Pursuant to the

promissory note and deed of trust executed by Plaintiffs, payments were due on the first day of each month. Plaintiffs also agreed to pay all taxes, assessments, charges, fines and impositions attributable to the subject property (the "Property").

By September 2008, Plaintiffs had defaulted on their payment obligations, and were served with many notices of default. On December 4, 2009, BAC sent Plaintiffs a notice stating that BAC was accelerating the debt and the Property would be sold at foreclosure. Plaintiffs requested a reinstatement calculation, and BAC sent one (the "Reinstatement Calculation") stating that it was good through December 28, 2009 and that the reinstatement amount was $6,835.14. Plaintiffs failed to pay the requested amount by December 28, 2009, and the foreclosure went forward. The Property was sold to the Federal National Mortgage Association (the "FNMA") for $161,078.75.

Subsequent to December 28, Plaintiffs made a payment of $6,835.14. BAC accepted the payment. After foreclosure, Plaintiffs were still indebted to BAC in the amount of the deficiency between the amount obtained at the foreclosure sale and the amount of total indebtedness (more than $30,000). On April 1, 2010, Plaintiffs filed this suit in state court, from which the Defendants effected removal to this court.

## II. PLAINTIFFS' CONTENTIONS

Plaintiffs' numerous claims for relief all rest, in greater or lesser degree, on Plaintiffs' contention that oral representations by employees of BAC modified the terms of the loan documents that Plaintiffs entered, or modified the terms of the Reinstatement Calculation. All of these claims are barred by the applicable language of Texas's statute of frauds. Tex. Bus. & Com. Code § 26.02(b). Any modification of the pertinent loan documents, in order to be effective, would have to be "in writing and signed by the party to be bound or by that party's

authorized representative." Plaintiffs have adduced no document that satisfies this statutory requirement.

Plaintiffs refer to BAC's internal notes on the Plaintiffs' loan and on conversations with BAC employees. In addition to the insuperable obstacle of the statute of frauds, Plaintiffs make no attempt to show that the BAC employees who allegedly made these notes and who allegedly spoke with Plaintiffs had the requisite authority to bind BAC. Many of the statements referred to by Plaintiffs are not even attributed to an identifiable employee. Plaintiffs' complaints of fraud, and other theories of misconduct, cannot, even after extensive discovery, be made to comply with basic federal pleading requirements. Moreover, even if Plaintiffs could prevail on the issue of liability, it is not clear that Plaintiffs have suffered damages. They have remained in their home for almost 20 months, while paying nothing on the outstanding debt, and nothing on accrued and accruing taxes and other costs.

None of this is the fault of Plaintiffs' counsel. He has presented every possible argument on behalf of his clients, as is his solemn duty under our profession's ethical code. Counsel for defendants has been equally assiduous, and equally loyal to professional strictures. However, Rule 56(a) of the Federal Rules of Civil Procedure requires that this court grant summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). On the undisputed record, there is no material fact issue in dispute, and the law is clear.

### III. CONCLUSION

Defendants' Motion is **GRANTED**. Plaintiffs' case is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 23rd day of August, 2011.

                                                    KEITH P. ELLISON
                                                    UNITED STATES DISTRICT JUDGE